THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONYA JAY LENOIR,

Plaintiff,

v.

SKAGIT COUNTY, WASHINGTON; SKAGIT COUNTY COMMISSIONERS; SKAGIT COUNTY SHERIFF'S DEPARTMENT; SKAGIT COUNTY DEPARTMENT OF CORRECTIONS; DON MUNKS; KENNETH A. DAHLSTEDT; SHARON DILLON; RICHARD GRIMSTEAD; GARY SHAND; VON LAQUET; TODD HINES; LETICIA TREVINO; JASON MCDONALD; and WENDY JONES,

Defendants.

Case No. C09-1448-JCC

ORDER

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 33), Plaintiff's response (Dkt. No. 38), and Defendants' reply (Dkt. No. 41). This matter also comes before the Court on Defendants' motion to strike Plaintiff's expert witness (Dkt. No. 42), Plaintiff's response (Dkt. No. 45), and Defendants' reply (Dkt. No. 47). Having thoroughly considered the parties' briefing and the relevant record, the Court grants

Defendants' motion for summary judgment. The Court denies as moot Defendant's motion to strike Plaintiff's expert witness.

I. BACKGROUND

This case arises out of an attack committed against an inmate by other inmates. Plaintiff Donya Lenoir alleges that while incarcerated, she left the Skagit County Jail to undergo a medical procedure. (Lenoir Dep. 62–65 (Dkt. No. 39 at 5).) Plaintiff's doctor prescribed Valium, among other medications. (*Id.*) When Plaintiff returned to the jail, corrections officials returned Plaintiff to one of two housing units in the jail. (Compl. ¶ 4.2 (Dkt. No. 1 at 4–5).) Other inmates asked Plaintiff about her available medication. (Lenoir Dep. 87 (Dkt. No. 39 at 6).) At some point thereafter, while Plaintiff was sleeping, several inmates violently attacked Plaintiff. (*Id.* at 94–97.) According to Plaintiff, more than one inmate kicked Plaintiff's head and ribs and penetrated Plaintiff's vagina, apparently trying to locate medication that they believed Plaintiff was hiding inside her body.[1] (*Id.*) Plaintiff's complaint alleges that jail staff "failed to take any action with respect to" Plaintiff's safety "in violation of jail rules." (Compl. ¶ 4.6 (Dkt. No. 1 at 6).) Plaintiff alleges that jail staff "engaged in a pattern of behavior exhibiting a callous disregard for the safety and well[-]being of Plaintiff Donya Lenoir . . . and routinely violated established policies and procedures regarding the treatment and protection of inmates." (*Id.* ¶ 4.7.) Plaintiff further alleges that jail staff "were aware of, or should have been aware of, the danger presented to" Plaintiff by keeping Plaintiff in the same cell as the inmates who attacked her. (*Id.* ¶ 4.8.)

Plaintiff's complaint names the county commissioners, the sheriff's department, the county department of corrections, the sheriff, the jail chief, and several corrections officers.

---

[1] Some evidence suggests that Plaintiff had previously "cheeked" medication by hiding a pill in her mouth even though corrections officials believed that she had swallowed it. (Lenoir Dep. 98–99 (Dkt. No. 34 at 18).) Some evidence also suggests that Plaintiff admitted that she smuggled Valium into the jail by hiding it inside her vagina. (Luvera Decl. ¶ 7 (Dkt. No. 36 at 2).)

(*Id.* ¶¶ 3.1–3.6.) It asserts causes of action for cruel and unusual punishment under the Eighth and Fourteenth Amendments, "failure to perform [a] duty imposed by statute," violation of due process, violation of civil rights under 42 U.S.C. § 1983, "negligence/recklessness," and outrage. (*Id.* ¶¶ 5.1–5.6.)

II. DISCUSSION

**A. Summary Judgment**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the evidence in the light most favorable to the nonmoving party. *Id.* at 760.

A defendant moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defend against the motion, the plaintiff must then go "beyond the pleadings," *id.*, and demonstrate "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A party opposing summary judgment bears the burden of establishing a genuine issue for trial by pointing to specific evidence along with its location in the record. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002). The Ninth Circuit has reminded litigants that "[t]he efficient management of judicial business mandates that parties submit evidence responsibly," *id.* at 775, and that "judges need not paw over the files without assistance from the parties," *id.* (quoting *Huey v. UPS, Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999)).

The Court must decide whether the facts that Plaintiff has shown "make out a violation

of a constitutional right [and] whether the right at issue was 'clearly established' at the time of [Defendants'] alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (citations omitted). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

**B. The Eighth and Fourteenth Amendments**

"[A]n inmate seeking to prove an Eighth Amendment violation must objectively show that he was deprived of something sufficiently serious, and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks omitted). The Supreme Court holds that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Similarly,

> the Constitution does not guarantee [under the Fourteenth Amendment] due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.

*County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) (citations omitted). Accordingly, Plaintiff must raise a genuine issue of material fact that Defendants knew of and disregarded a substantial risk of serious harm.

Here, Plaintiff has provided the Court with virtually no facts to support her claim. In her response to Defendants' motion for summary judgment, Plaintiff relies on only a handful

of pages from her deposition. None of those pages describe which corrections officers worked during the evening of the attack. None of those pages describe with particularity which inmates shared a cell with Plaintiff. None of those pages describe the criminal histories and prior jail behavior of Plaintiff's cell mates. None of those pages describe what the corrections officers knew of the other inmates' criminal histories and prior jail behavior. None of those pages address the safety checks performed by corrections staff. None of those pages address the county policies regarding inmate placement. There is simply insufficient information in the record to raise a genuine issue of material fact regarding a constitutional violation. *See, e.g.*, *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1089 (9th Cir. 2010); *Orr*, 285 F.3d at 775; *Forsberg v. Pac. Nw. Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment.").

Plaintiff occasionally cites portions of her complaint to rebut the evidence Defendants provide. (*See, e.g.*, Pl.'s Resp. 11 (Dkt. No. 38).) Yet "an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson*, 477 U.S. at 248. "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). Defendants are correct: "[A] bare allegation that plaintiff was in a cell with 'known violent offenders' cannot be accepted as true for purposes of summary judgment."[2] (*See* Defs.'

---

[2] Plaintiff relies on *Farmer*'s holding that "a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." (Pl.'s Resp. 5 (Dkt. No. 38) (citing *Farmer*, 511 U.S. at 842).) The disputed facts presented through the sparse record evidence are insufficient to make the subjective leap *Farmer* contemplates. *See Farmer*, 511 U.S. at 842–43 ("For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and

Reply 3 (Dkt. No. 41).) Accordingly, the Court grants summary judgment in favor of Defendants on Plaintiff's cruel-and-unusual-punishment and due-process causes of action.

**C. Remaining Claims**

The Court grants summary judgment in favor of Defendants on Plaintiff's remaining claims. Plaintiff alleges "intentional failure to perform a clear duty owed to Plaintiff Donya Jay Lenoir" (Compl. ¶ 5.2 (Dkt. No. 1 at 8)), yet Plaintiff provides neither a source of law for such a cause of action nor a response to Defendants' motion for summary judgment. Plaintiff also alleges a violation of civil rights under 42 U.S.C. § 1983. (*Id.* ¶ 5.4.) Because the Court concludes that there is no genuine issue of material fact regarding the Eighth and Fourteenth Amendments, and because Plaintiff does not cite to any other federal right allegedly denied, the Court grants summary judgment on that cause of action as well. Plaintiff further alleges that Defendants "negligently, carelessly and recklessly [f]ailed to exercise" due care. (*Id.* ¶ 5.5.) Again, because Plaintiff has not provide the Court with any evidence beyond the allegations of the complaint and the limited portions of Plaintiff's deposition, Plaintiff has not raised a genuine issue of material fact over Defendants' alleged breach of its reasonable duty of care. Finally, Plaintiff's cause of action for outrage does not withstand Defendants' motion for summary judgment because Plaintiff has presented no evidence that Defendants' conduct was extreme, outrageous, or inflicted intentionally or recklessly.[3]

---

thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk." (quotation marks omitted)).

[3] Plaintiff brought her claims against all the defendants in both their "individual" and "official" capacities. The Court further dismisses all causes of action against the noncorrections officials in their individual capacities because there is no evidence that they personally participated in the complained action or that they participated in, directed violations of, or knew of violations and failed to act to prevent them. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court also dismisses all causes of action against the noncorrections officials in their official capacities because Plaintiff failed to raise a genuine issue of material fact with respect to either a constitutional violation, *see Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008), or show that "the municipal action was taken with

III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment (Dkt. No. 33.). The Court DENIES AS MOOT Defendants' motion to strike Plaintiff's expert witness (Dkt. No. 42). The Court DISMISSES this action with prejudice.

DATED this 11th day of November, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

the requisite degree of culpability," *see Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff cannot rely on her unsubstantiated, conclusory allegation that Defendants failed to train jail personnel in the care of inmates or were deliberately indifferent to a substantial risk associated with housing inmates in the two units.